**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF VLADIMIR BLASKO TO THE SLOVAK REPUBLIC | CASE NO.: 1:17-MC-00067 SAB<br><br>**ORDER DENYING MOTION FOR BAIL**<br><br>**ORDER SETTING STATUS CONFERENCE** |

On February 15, 2018, a motion for bail came on for hearing in Department 8. Defendant Valdimir Blasko ("defendant") is currently detained pending an extradition hearing.[1] As stated at the hearing, the Court received and reviewed the parties' moving, opposition and reply briefs, including exhibits. (Doc. 16, 18, 19.) Having considered the extensive papers and the parties' oral arguments, the Court rules as follows.

At the hearing, the Court read into the record a tentative ruling based upon Court's review of the arguments and cases cited in the parties' papers. The parties then were permitted argument and stated their positions. The Court took the matter under submission to review certain case authority as

---

[1] Slovakia's extradition request sought Blasko's presence in Slovakia to serve a four-year sentence based on an April 15, 2013 judgment, following a trial before the District Court of Nitra. The trial court found defendant guilty of abuse of power by a public official, and misdemeanor assault. At the *in absentia* trial, the trial court took written statements of witnesses and other witness testimony. On November 7, 2013, following defendant's *in absentia* appeal, the Regional Court of Nitra affirmed his four-year sentence.

requested by defendant. After further considering the cases and the parties' arguments, the Court adopts the tentative ruling and DENIES the motion for bail.

At his initial appearance on October 6, 2017, defendant did not make any showing of special circumstances and was detained. In international extradition proceedings there is a presumption against bail. *Wright v. Henkel*, 190 U.S. 40, 63, 23 S.Ct. 781, 786 (1903); *Salerno v. United States*, 878 F.2d 317, 318 (9th Cir.1989). The United States has a substantial interest in surrendering a person subject to extradition in compliance with the Treaty. *Wright v. Henkel*. The Ninth Circuit in *Salerno*, confirmed that in this Circuit the absence of flight risk is not the criteria for release. Rather, special circumstances must exist <u>in addition</u> to absence of risk of flight and danger.

Defendant challenges that requiring a showing of special circumstances is a violation Due Process. Defendant argues that the ambiguity of what is a special circumstance is a denial of Due Process, citing *Parretti*. Since extradition is not a criminal prosecution, constitutional procedural protections which by their terms are applicable only in criminal cases are unavailable in extradition proceedings. In *Kamrin v. US*, 725 F.2d 1225, 1227 (9th Cir.1984), the court squarely considered whether an extradition defendant has a due process right to be considered for bail and rejected that argument. Further, "special circumstances" is not an ambiguous term. The Supreme Court imposed the requirement of "special circumstances" in *Wright v. Henkle* over a century ago, and courts have been able to apply it, considering each case on a case-by-case basis. The Court agrees with the government's assessment that *United States v. Parretti*, 122 F.3d 758 (9th Cir.1997), withdrawn by 143 F.3d 508 (9th Cir.1998), which defendant argues should be considered as invalidating the presumption against bail, is not the law in this Circuit.

In this case, the Court does not find special circumstances. At the hearing, defendant focused on interrelated "special circumstances:" the long and complex preparation for an extradition hearing, the concern that the witness statements were possibly fabricated, the procedural anomalies of the Slovakian trial and lack of diplomatic urgency (all factors thoroughly explained in the parties' briefs, which the Court will not summarize here). At the hearing, defendant requested the Court reconsider *Santos v. Thomas*, 830 F.3d 987 (9th Cir. 2016) for the proposition that defendant must investigate the witness statements, which will take defendant in this extradition an extended period of time to

investigate in Slovakia. The Court agrees that in *Santos v. Thomas,* the Ninth Circuit permitted a challenge to probable cause based on evidence that incriminating statements made against him by his co-conspirators were obtained by torture, and therefore could not support the probable cause required to extradite. But as relevant to the bail issue before this Court, the Court reviewed the underlying, earlier bail review proceeding wherein the court released the defendant on conditions. See *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1032 (C.D. Cal. 2006). The court in *In re Extradition of Santos* released defendant pending the extradition hearing noting that the circumstances presented in Santos' extradition case were highly unusual. The original arrest warrants were invalidated by Mexico's own courts on two occasions for failure to establish probable cause that defendant had committed the crime. While defendant was in custody in the United States, the Mexican warrants were still being litigated in Mexico and the warrants were under an ongoing "cloud." Thus, the delay in the case, based on an indeterminable amount of time to litigate the warrants in Mexico, was a special circumstance. The court also found a high probability of success based on the uncertainty of the validity of the underlying arrest warrants. *Santos v. Thomas* was an appeal following a finding of extraditability. *Santos v. Thomas* held that that declarations by witnesses, who had originally supported probable cause for the issuance of the invalid warrants, wherein the witnesses now stated they were coerced or threatened into their original declaration, should be admitted on the extradition probable cause. Thus, the issue in *Santos v. Thomas* was not bail, but proof allowable at the extradition hearing. At most, this case goes to the defendant's probability of success, which will take time to investigate. Note: cases have held that a defendant must show a high probability of success. See e.g., *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1036 (C.D. Cal. 2006) (must demonstrate he has a high probability of success).

Here, however, at this point, it is merely speculation that the defendant has a high probability of success. He does not know whether his investigation, of the witnesses who the Slovakian trial court considered, will show that the witnesses in fact testified or if they said what the judgment purports or any other thing about the trial. It is all speculation that the witness statements were possibly fabricated and equally speculative what has been argued as procedural anomalies of the Slovakian trial. What might be considered anomalies under an American system of justice may be standard procedure under

the Slovakian system. Defendant's case is unlike the facts in *In re Extradition of Santos*, where the very warrants were invalidated by the requesting country on multiple occasions. Speculation is not a special circumstance.

Finally, the argument of lack of diplomatic urgency is not a special circumstance. The Court acknowledges the procedural history of the case, the fact of prior provisional arrests, the dates of incident in light of Mr. Blasko's continued employment, and other facts as stated in defendant's moving and reply papers. Nonetheless, there is no time limit in the Treaty for requesting extradition and there is no unreasonable delay. The appeal of defendant's conviction was finalized on November 7, 2013, and defendant was arrested in October 2017 – a 4 year delay is not unreasonable. *Cf. Wroclawski v. United States*, 634 F. Supp. 2d 1003, 1008 (D. Ariz. 2009) (a nearly 12 year delay was a special circumstance) with *In re Extradition of Drayer,* 190 F.3d 410, 415 (6th Cir. 1999) (the fourteen-year delay was not a special circumstance) and *Matter of Extradition of Drumm*, 150 F. Supp. 3d 92, 98 (D. Mass. 2015) (7 year delay was not unreasonable). But diplomatic urgency is not just temporal. Urgency within the contours of a treaty involves other importance considerations such as the interests of the treaty parties and the foreign policy concerns and relationships of the United States. Accordingly, for the reasons stated above and as stated on the record, the motion for bail is DENIED.

The Court sets a status conference re setting extradition hearing before Magistrate Judge Stanley Boone on February 28, 2018 at 10:00 a.m. in Department 9.

IT IS SO ORDERED.

Dated: **February 16, 2018**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE